UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILEMAN BROS. & ELLIOTT, INC., | Case No. 1:19-cv-00909-NONE-BAM |
| Plaintiff, | **ORDER DENYING EX PARTE APPLICATION FOR ORDER GRANTING LEAVE TO SERVE SUMMONS BY PUBLICATION AND OTHER MEANS WITHOUT PREJUDICE** |
| v. | |
| Y FARMS, LLC, et al., | |
| Defendants. | (Doc. No. 13) |

Currently pending before the Court is Plaintiff Wileman Bros. & Elliott, Inc.'s ("Plaintiff") *ex parte* application for an order granting Plaintiff leave to serve the summons and complaint on Defendants Y Farms, LLC and Eric Guzman ("Defendants") by publication. (Doc. No. 13.) Having considered the application as well as the record in this case, Plaintiff's request for leave to serve Defendants by publication will be denied without prejudice. However, the Court will grant Plaintiff's request for an extension of time to effectuate service on Defendants.

**I.     BACKGROUND**

Plaintiff filed this action on July 2, 2019, alleging claims related to violations of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e, *et seq*. (Doc. No. , 4.) On September 23, 2019, Plaintiff filed a status report requesting additional time to effectuate service on Defendants pursuant to Federal Rule of Civil Procedure 4(m) as well as a continuance of the

1

Initial Scheduling Conference previously set for October 1, 2019. (Doc. No. 7.) On September 26, 2019, the Court granted Plaintiff's request, continued the Initial Scheduling Conference to December 3, 2019, and extended the time to effectuate service an additional forty-five (45) days to November 18, 2019. (Doc. No. 8.) On November 27, 2019, the Court converted the Initial Scheduling Conference to a Status Conference regarding the status of service on Defendants. (Doc. No. 9.) Plaintiff filed a status report on November 27, 2019, confirming that it had not yet served Defendants. (Doc. No. 10.) At the Status Conference on December 3, 2019, Plaintiff informed the Court that it intended to file a motion detailing the efforts made to accomplish service to date and requesting permission to serve Defendants by publication. (Doc. No. 12.) On December 17, 2019, Plaintiff filed the instant *ex parte* application. (Doc. No. 13.)

**II.     LEGAL STANDARD**

Rule 4 of the Federal Rules of Civil Procedure provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). California law[1] permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a).

"For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." *Harris v. Cavasso*, 68 Cal.App.3d 723, 726 (1977). The requesting party must

---

[1] According to Plaintiff's application, all attempts to serve Defendants have occurred in Rhode Island. However, Plaintiff's application only argues that service by publication is proper pursuant to California law, *i.e.* the state where this Court is located, and does not address Rhode Island law, *i.e.* the state where service is made. Accordingly, the Court has not considered whether service by publication is appropriate under Rhode Island law.

The Court notes that Plaintiff's application refers to a motion to serve Defendants by publication that was granted in a "parallel" case before the District of Rhode Island, which presumably applied Rhode Island law. (Doc. No. 13-1.) The application states that copies of the motion and order from the "parallel" case are attached as exhibits to Plaintiff's Request for Judicial Notice filed in support of the application but no such documents were attached. (*Id.*; s*ee* Doc. No. 13-4.) Furthermore, the order in the "parallel" case has no binding authority on this Court and, as noted above, Plaintiff does not appear to argue that service would be appropriate under Rhode Island law in this case. *See Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001) ("[T]he binding authority principle applies only to appellate decisions, and not to trial court decisions.").

2

submit an affidavit containing a statement of some fact that would be legal evidence that the cause of action exists for the court to have jurisdiction to order service by publication. *Id.* "When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack." *Donel, Inc. v. Badalian,* 87 Cal.App.3d 327, 334 (1978). The affidavit filed in support of the motion for substitute service must contain independent evidentiary support in the form of a sworn statement of facts to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication. *Harris*, 68 Cal.App.3d at 726–27; *see also Sananikone v. United States,* 2008 WL 5381690, at *1 (E.D. Cal. Dec. 16, 2008) ("[T]he affidavit . . . must include allegations, based on personal knowledge of the underlying facts, that a cause of action exists against this defendant, or that he is a necessary party to this action.") (citing *Harris,* 68 Cal.App.3d at 726).

Furthermore, service by publication is appropriate only where, after reasonable diligence, the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained. *Watts v. Crawford*, 10 Cal.4th 743, 749 n.5 (1995). "Reasonable diligence" in attempting to serve by other methods connotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . . A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication. However, the showing of diligence in a given case must rest on its own facts and neither single formula nor mode of search can be said to constitute due diligence in every case.

*Kott v. Superior Court*, 45 Cal.App.4th 1126, 1137–38 (1996) (internal citations and quotations omitted).

The "reasonable diligence" requirement exists because "it is generally recognized that service by publication rarely results in actual notice." *Watts*, 10 Cal.4th at 749 n.5. (internal citations omitted). Service by publication is a "last resort," so courts require a plaintiff "to show

3

exhaustive attempts to locate the defendant." *Id.* "In determining whether a plaintiff has exercised 'reasonable diligence' for purposes of § 415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Duarte v. Freeland,* 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) (quoting *Donel, Inc.,* 87 Cal.App.3d at 333). The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that "'all myriad ... avenues' have been properly exhausted to warrant service by publication." *Duarte,* 2008 WL 683427, at *1 (quoting *Donel, Inc.,* 87 Cal.App.3d at 333). Accordingly, a plaintiff that fails to take exhaustive measures to locate a party to be served cannot establish reasonable diligence. *Watts,* 10 Cal.4th at 749 n. 5 (internal citations omitted).

### III.   DISCUSSION

#### A.   Plaintiff Has Not Established the Existence of a Valid Cause of Action

While Plaintiff's application concludes that it has "stated valid causes of actions against Defendants" and that "each Defendant is a necessary party to this action[,]" Plaintiff has not provided an affidavit containing a statement of facts to establish that a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Code Civ. P. § 415.50(a)(1); *see also Harris,* 68 Cal.App.3d at 736 ("[T]he verification of the complaint by plaintiffs' counsel on his information and belief is no substitute for the sworn statement of facts which section 415[.]50 requires of the affiant."). Plaintiff's failure to produce a sworn statement of facts to support a cause of action against Defendants or establish that they are necessary or proper parties precludes this Court from finding that service by publication is appropriate.

#### B.   Plaintiff Has Not Demonstrated Reasonable Diligence

According to the declaration of counsel for Plaintiff filed in support of the application, Y Farms, LLC previously communicated with Plaintiff between April and July of 2019 using the email address yfarmsproduce@gmail.com. (Doc. No. 13-2.) Counsel performed a search of the Rhode Island Secretary of State Business Portal, which indicated Y Farms, LLC's principal office was located at 270 Bellevue Ave., Suite 1031, Newport, Rhode Island 02840. (*Id.*) Eric Guzman

4

was listed as Y Farms, LLC's registered agent and the same address was provided. (*Id.*) Plaintiff had a registered process server attempt to serve Defendants at the 270 Bellevue Avenue address on July 12, 2019, August 30, 2019, and September 12, 2019, but the address was occupied by a UPS Store. (*Id.*) During the August 30, 2019 attempt, an employee at the UPS store confirmed that Defendants did not have a mail box at that location. (*Id.*) Counsel confirmed that the address was occupied by a UPS store using Google maps. (*Id.*) The process server sent a box holder requests for the 270 Bellevue Ave. address on October 1, 2019, and November 18, 2019. (*Id.*) The process server additionally performed skip-trace searches on Eric Guzman on October 11, 2019, November 11, 2019, and November 18, 2019, and further attempted to call the post office at Newport, Rhode Island on November 22, 2019, but no updated information was obtained. (*Id.*) Plaintiff additionally provided a declaration by the process server detailing these attempts. (Doc. No. 13-3.)

Counsel for Plaintiff further states that "Plaintiff also searched the telephone white and yellow pages, including . . . the internet on such common people and business finding websites as yellowpages.com, whitepages.com, spokeo.com, westlaw.com, [and] pacer.gov." (Doc. No. 12-2.) Additionally, "Plaintiff searched real property records . . . but no current record could be found." (*Id.*) Finally, Plaintiff sought voter registration address records for Eric Guzman on https://rivoters.com but did not find any record for an Eric Guzman. (*Id.*) Accordingly, Plaintiff seeks to serve Defendants by email and by publication in the Newport Daily News and the Providence Journal, which counsel states are "prominent daily newspapers in circulation throughout Rhode Island[.]" (*Id.*)

The declarations Plaintiff submits in support of its application lack sufficient detail for the Court to determine whether Plaintiff has made exhaustive attempts to locate Defendants. Although counsel states that Plaintiff searched various websites and real property records and these attempts were unsuccessful, he does not describe the steps actually taken to perform the searches, such as the terms Plaintiff used to perform the search or which geographical areas were examined. *See Castillo-Antonio v. Azurdia*, 2014 WL 7206609, at *3 (N.D. Cal. Dec. 18, 2014) ("Simply stating that other investigation has proven unsuccessful is insufficient without details as

to the steps actually taken."). Additionally, Plaintiff does not describe when these searches were performed or provide copies of these search results indicating that no records exist. *See* Judicial Council Comment to Cal. Civ. Proc. Code § 415.50(a) ("attempts at personal service, search, affidavits, and the court's order for publication must, however, follow in reasonably quick succession so that they would relate to the conditions at the time of publication.").

Likewise, there is no description of what the process server's skip-trace searches entailed or what information was sought by the box holder requests and what response, if any, was received. While the declarations submitted in support of Plaintiff's application state that the process server "[a]ttempted to call post office at Newport, RI and no information [was] provided" there is no explanation of whether this was because the information did not exist or because the representative refused to provide it. (*See* Doc. Nos. 13-2, 13-3.) Plaintiff further indicates that it has an email address for Y Farms, LLC, but does not describe any attempts to reach Defendants through that e-mail address since this action was commenced. *See Castillo-Antonio*, 2014 WL 7206609, at *2 (finding that the reasonable measures a plaintiff could take to establish service by publication is warranted include, among other things, emailing the defendant if his email address is known).

"It is of no small import that California law permits service by publication only as a last resort." *Sananikone v. United States*, 2009 WL 796544, at *4 (E.D. Cal. Feb. 25, 2009); *Nhia Kao Vang v. Decker*, 2012 WL 5906890, at *4 (E.D. Cal. Nov. 26, 2012). Although somewhat indicative of reasonableness, Plaintiff's efforts as described in the application "do not alone rise to the requisite level of both thorough and systematic." *Sananikone*, 2009 WL 796544, at *3. Thus, the Court is precluded from finding that Plaintiff has met the reasonable diligence standard necessary to permit service by publication.

The Court further notes that Plaintiff has proposed publication in the Newport Daily News and the Providence Journal. Any renewed application should address the basis for counsel's conclusion that these publications "are prominent daily newspapers in circulation throughout Rhode Island." Plaintiff should likewise explain how publication in these newspapers is most likely to give actual notice to Defendants, particularly if Plaintiff is unable to show that

1  Defendants are likely to reside or be found in Rhode Island. *See Peterson v. United States*, 2017
2  WL 10543986, at *2 (C.D. Cal. Jan. 10, 2017) (denying request to serve the defendants by
3  publication where "Plaintiff has not shown that publication in these newspapers is most likely to
4  give actual notice to [the defendants], as he has not shown that they are likely to reside in the
5  areas where these newspapers are disseminated.").

### C. The Court Will Extend the Time for Service

In its application, Plaintiff requests a further extension of the deadline to serve Defendants to ninety (90) days following the date of the Court's order on the application. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991). Whether good cause for the delay has been shown is determined on a case by case basis. *Oyama v. Sheehan,* 253 F.3d 507, 512 (9th Cir.2001). The Ninth Circuit has also held that district courts have broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. *See Lemoge v. United States,* 587 F.3d 1188 (9th Cir.2009). This holding is also consistent with the Advisory Committee's notes to Rule 4(m), which state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m) ] even if there is no good cause shown." Fed. R. Civ. P. 4, Advisory Committee's note.

In light of the circumstances, and given Plaintiff's difficulties locating Defendants, the Court will grant Plaintiff's request for additional time to effectuate service. Plaintiff is cautioned that further extensions will not be granted absent a demonstrated showing of good cause. Fed. R. Civ. P. 4(m). Good cause may consist of the inability to comply with applicable deadlines in light

of the COVID-19 pandemic. Any such difficulties should be explained.

### IV.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, Plaintiff's *ex parte* application for an order granting leave to serve Defendants by publication is HEREBY DENIED without prejudice. The time to effectuate service on Defendants pursuant to Federal Rule of Civil Procedure 4(m) is HEREBY EXTENDED to ninety (90) days from the date of this order.

IT IS SO ORDERED.

Dated:   **June 11, 2020**                          /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE